**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Ralph Edwards, Inger Bautista and Robert Burcina, as representatives of a class of similarly situated persons, and on behalf of the Nationwide Savings Plan,<br><br>      Plaintiffs,<br><br>v.<br><br>Nationwide Mutual Insurance Company, the Benefits Investment Committee of the Nationwide Savings Plan, and John Does 1-20,<br><br>      Defendants. | **Case No. 2:20-cv-01525-JLG-EPD**<br>**Judge James L. Graham**<br>**Magistrate Judge Chelsey M.** |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on April 13, 2020, and was attended by:

Kai Richter and Christopher Theophillus Smith, counsel for plaintiffs Ralph Edwards, Inger Bautista, and Robert Burcina,

Evan Miller, Miguel Eaton, and Dustin Koenig, counsel for defendants Nationwide Mutual Insurance Company and the Benefits Investment Committee of the Nationwide Savings Plan.

Also present was Scott Lempert of Cohen Milsten Sellers & Toll PLLC, counsel for plaintiffs Ryan Sweeney and Bryan Marshall in *Sweeney et al. v. Nationwide Mutual Ins. Co. et al.*, No. 2:20-cv-015969-JLG-CMV (S.D. Ohio).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.  <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_\_Yes  <u> X </u>No

2.    <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

  _X_  Yes         _____No        _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by <u>May 15, 2020</u>.

3.    <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

  _____Yes      __X__No

If yes, describe the issue:


If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by
  __N/A__ .

4.    <u>PARTIES AND PLEADINGS</u>

a.   The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>November 2, 2020</u>.

b.   If the case is a class action, the parties agree that the motion for class certification shall be filed by_____.

<u>Plaintiffs' Position</u>.  Plaintiffs propose a class certification motion deadline of January 15, 2021 (nine months from the date of this report).  Defendants' proposed class certification motion deadline is too late, unworkable, and highly unusual.  Plaintiffs' undersigned counsel has litigated approximately 20 ERISA cases involving 401(k) plans (including cases in this District), and does not recall a single case in which the class certification motion deadline was set for the same day as the dispositive motion deadline.  Defendants should be deemed to have waived any arguments regarding one-way intervention to the extent that their unusual proposal is adopted here.

<u>Defendants' Position</u>. Defendants propose that motion for class certification be filed by August 1, 2021, concurrent with the deadline for dispositive motions. This is a putative class action brought under ERISA, and the issues raised by potential class certification may necessitate the need—in addition to other experts—for a separate expert for class certification purposes, and also will require comprehensive discovery of plaintiffs' individual claims. Accordingly, Defendants believe that class certification is best addressed after fact and expert discovery are complete.

5.    <u>MOTIONS</u>

   a.    Are there any pending motion(s)?

     \_\_\_\_\_Yes    \_\_<u>X</u>\_No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b.    Are the parties requesting expedited briefing on the pending motion(s)?

     \_\_\_\_\_Yes    \_\_\_\_\_No

If yes, identify the proposed expedited schedule:

Opposition to be filed by_____; Reply brief to be filed by_____.

6.    <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

     There is no demand for a jury in this case. The Parties have provided separate descriptions of the case below.

<u>Plaintiffs' Description of the Case</u>
Plaintiffs are participants in the Nationwide Savings Plan (the "Plan"), a 401(k) plan sponsored by Nationwide Mutual Insurance Company ("Nationwide") for its employees.  Plaintiffs bring this class action on behalf of the Plan and Plan participants pursuant to 29 U.S.C. § 1132(a)(2) and (3), which provide a private right of action to remedy breaches of fiduciary duties under ERISA. *See Complaint, ¶ 13*. In summary, Plaintiffs allege that Nationwide and the Benefits Investment Committee for the Plan breached their fiduciary duties by, among other things, allowing Nationwide to pay a lower interest rate on its Guaranteed Investment Fund ("GIF") for Plan participants than it did on the GIF in Nationwide's pension plan. *Id. ¶ 62*.  As shown by the chart below, the disparity in the credited rate resulted in very substantial losses to the Plan:

| Year[1] | 401(k) GIF Assets | 401(k) Rate | Pension Rate | Difference | Losses |
|---|---|---|---|---|---|
| 2019 | $ 1,709,951,897.00 | 3.09% | 4.46% | 1.37% | $ 23,426,340.99 |
| 2018 | $ 1,709,951,897.00 | 3.09% | 4.46% | 1.37% | $ 23,426,340.99 |
| 2017 | $ 1,739,893,230.00 | 3.08% | 4.48% | 1.40% | $ 24,358,505.22 |
| 2016 | $ 1,795,948,542.00 | 3.30% | 4.80% | 1.50% | $ 26,939,228.13 |
| 2015 | $ 1,703,734,992.00 | 3.35% | 4.80% | 1.45% | $ 24,704,157.38 |
| 2014 | $ 1,663,772,148.00 | 3.59% | 4.80% | 1.21% | $ 20,131,642.99 |
|  |  |  |  | **Total Loss**[2] | **$ 142,986,215.70** |

---

[1] 2019 data is not yet publicly available; 2018 data is used as a placeholder estimate for 2019 figures.
[2] "Total" is the sum of raw annual losses, and has not been adjusted to reflect the present value of these losses.

*Id. ¶ 41.* There was no good reason for Nationwide to pay the 401(k) Plan a lower rate on its investment than the pension plan – especially because the 401(k) Plan's investment was larger, providing it what should have been greater bargaining power. *Id.* Rather, the reason for the disparity is that interest paid to the 401(k) Plan benefitted participants at Nationwide's expense, whereas interest paid to the pension plan offset Nationwide's funding obligation to the pension plan. *Id. ¶¶ 9-10.* Other insurance companies that offer a guaranteed investment account do not treat their 401(k) plans in such a prejudicial manner. *Id. ¶¶ 45-46.* Based on this conduct and the other allegations in the Complaint, Plaintiffs allege that Defendants breached their fiduciary duties of loyalty and prudence to the 401(k) Plan under 29 U.S.C. § 1104(a)(1)(A) & (B). *See Count 1.* In addition, Plaintiffs allege prohibited fiduciary self-dealing under 29 U.S.C. § 1106(b), as well as prohibited party-in-interest transactions under 29 U.S.C. § 1106(a). *See Count 2.*

Defendants' Description of the Case

Plaintiffs fundamentally misunderstand how the Guaranteed Investment Fund option within the Nationwide Savings Plan ("401(k) Plan") operates, and how the monies invested in that investment option are invested. The Guaranteed Investment Fund is supported entirely by a guaranteed investment contract ("GIC") issued to the 401(k) Plan by Nationwide Life Insurance Company. The GIC that the 401(k) Plan owns is a cost-only contract that operates to the benefit of 401(k) participants who invest in the Guaranteed Investment Fund, not to their detriment, both relative to commercially available GICs and to the GIC issued by Nationwide Life to the Nationwide Retirement Plan. In recent years, the difference in crediting rates that have been provided under the respective GICs is due to the combined effect of materially different inflows of cash from the respective benefit plans to Nationwide Life, and the changing fixed-income interest yield environment. None of the defendants has acted imprudently or disloyally to 401(k) Plan participants nor have any engaged in prohibited transactions under ERISA. *See* 29 U.S.C. §§ 1104(a)(1), 1106(a), (b).

7.  DISCOVERY PROCEDURES

a.  The parties do *not* agree when all fact discovery shall be completed by. The parties are directed to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

Plaintiffs' Position. Plaintiffs propose a fact discovery deadline of April 15, 2021, to allow sufficient time for discovery in this complex class action. This deadline assumes that Defendants do not seek a stay of discovery pending any motion to dismiss (see *infra* at Item 12), which Defendants have suggested they may seek here.

Defendants' Position. Defendants propose that all fact discovery shall be completed by February 28, 2021, which Defendants believe allows sufficient time to complete all fact discovery.

b.  Do the parties anticipate the production of ESI?   X   Yes_____No

If yes, describe the protocol for such production:  Plaintiffs have proposed the protocol set forth in Exhibit A.  Defendants' counsel are still reviewing the ESI protocol proposed by plaintiff's counsel.

c.  Do the parties intend to seek a protective order or clawback agreement? Yes.

If yes, such order or agreement shall be produced to the Court by May 6, 2020.

8.  DISPOSITIVE MOTIONS

a.  Any dispositive motions shall be filed by August 1, 2021.

b.  Are the parties requesting expedited briefing on dispositive motions?

_____Yes      X   No

If yes, identify the proposed expedited schedule:

Opposition to be filed by_____; Reply brief to be filed by_____.

9.  EXPERT TESTIMONY

a.  Primary expert reports must be produced by _____.

b.  Rebuttal expert reports must be produced by_____.

c.  Expert discovery shall be completed by _____.

Plaintiffs' Position. Plaintiffs propose that primary expert reports be produced by April 30, 2021, that rebuttal expert reports be produced by June 1, 2021, and that reply reports be allowed on or before June 22, 2021 in response to any rebuttal expert who does not serve a primary report (to allow a response to such expert).  Plaintiffs further propose that expert discovery be completed by July 22, 2021.

Defendants' Position. Defendants propose that primary expert reports be produced by March 31, 2020, rebuttal reports be produced by April 30, 2020, and expert discovery be completed by June 10, 2021. Defendants do not believe that "reply" expert reports—which are not contemplated by this Court's Rule 26(f) form—are necessary or appropriate given the availability of rebuttal reports and expert depositions.

10.  SETTLEMENT

Plaintiff(s) will make a settlement demand by December 15, 2020.     Defendant will respond by January 15, 2021. The parties agree to make a good faith effort to settle this case. The parties

understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year: <u>March 2021.</u>

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.   <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

  <u>X</u>   Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place <u>April 22</u> by  telephone. *See* ECF 20.

  <u>     </u>   No,  a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.   <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

A related action was filed in this District on March 25, 2020,  and also has been assigned to Judge Graham. *See Sweeney et al. v. Nationwide Mutual Ins. Co. et al.*, No. 2:20-cv-015969-JLG-CMV (S.D. Ohio).  Plaintiffs in the instant *Edwards* action and the related *Sweeny* action intend to file a Consolidated Amended Complaint on or before May 22, 2020.  Defendants consent to the filing of the Consolidated Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), but reserve all defenses. The Parties have agreed to the following briefing schedule in the event that Defendants file a motion to dismiss the Consolidated Amended Complaint:

- Defendants motion to dismiss due: June 22, 2020
- Plaintiffs' response due: July 22, 2020
- Defendants' reply due: August 3, 2020

Dated April 15, 2020                                    Respectfully submitted,

**JONES DAY**                                          **NICHOLS KASTER, PLLP**

/s/Dustin M. Koenig                                    Kai H. Richter
Dustin M. Koenig (Ohio Bar #0092426)                   Kai H. Richter, MN Bar No. 0296545*
   *Trial Attorney*                     Paul Lukas, MN Bar No. 22084X*
325 John H. McConnell Boulevard, Suite 600             Brock J. Specht, MN Bar. No. 0388343*
Columbus, OH 43215                                     Christopher Theophillus Smith, MN Bar No.
Telephone: (614) 469-3939                              0401091*
Email: dkoenig@jonesday.com                               *admitted pro hac vice*
                                                       4600 IDS Center, 80 S 8th Street
Evan Miller (admitted *pro hac vice*)                  Minneapolis, MN 55402
Miguel Eaton (admitted *pro hac vice*)                 Telephone: 612-256-3200
51 Louisiana Avenue N.W.                               Facsimile: 612-338-4878
Washington, DC 20001                                   krichter@nka.com
Telephone: (202) 879-3939                              lukas@nka.com
Email: emiller@jonesday.com                            bspecht@nka.com
Email: meaton@jonesday.com                             tsmith@nka.com

***Counsel for Defendants Nationwide Mutual***         **BARKAN MEIZLISH DEROSE**
***Insurance Company and Benefits***                   **WENTZ MCINERNEY PEIFER, LLP**
***Investment Committee of the Nationwide***
***Savings Plan***                                     /s/Robert E. DeRose
                                                       Robert E. DeRose (0055214), Trial Attorney
                                                       Sanford A. Meizlish (0002620)
                                                       250 E. Broad Street, 10 Floor
                                                       Columbus, OH 43215
                                                       Telephone: (614) 221-4221
                                                       Facsimile: (614) 744-2300
                                                       bderose@barkanmeislish.com
                                                       smeizlish@barkanmeizlish.com

                                                       ***Counsel for Plaintiffs***

7

# EXHIBIT A

**Format for the Production of Documents
Including Electronically Stored Information**

Federal Rule of Civil Procedure 34(b)(1)(C) provides that a party requesting documents "may specify the form or forms in which electronically stored information is to be produced." Pursuant to Rule 34(b)(1)(C), documents and Electronically Stored Information ("ESI") should be produced in the forms described below.

**A.      Production Formats**

As a general rule, the production format for all paper documents and ESI shall be single-page Group IV TIFF files with corresponding text and load files, as set forth in detail in Part C below ("the Default Rule").

However, spreadsheets, presentation files, word processing files, digital images, audio/video files, and other file types that do not render to image well should be produced in their Native format ("Native Productions"). Native Productions shall be produced as they are maintained, with all formulas, redlines, comments, links, and metadata intact. Native Productions should include all ESI metadata fields set forth below in the load file.

It may sometimes be appropriate to produce partial or exported data, such as with information housed in applications, mobile devices, cloud services, social media sites, or databases containing more information than is relevant to the case.  In these instances, the parties should confer and agree on an ESI protocol early on concerning the scope of, and methodology for, extracting the relevant data.

**B.      Handling of Paper Documents**

Paper documents shall be scanned and produced according to the Default Rule.  The documents should be unitized (not merged into a single record).  The load file for paper documents shall contain the following fields, described in Section C.3 below:

| | |
|---|---|
| BegBates | ProdVolume |
| EndBates | Record Type |
| BegAttach | Confidential |
| EndAttach | Redacted |
| Custodian | Extracted Text |
| Pgcount | |

**C.      Default Rule: Specific Protocols for the Form of Production**

The following specific protocols should be used for productions:

1.  **IMAGES:**

A placeholder image that conforms to the TIFF specifications detailed below should be provided for Native Productions.  The placeholder should contain the confidential designation, Bates number, and text stating that the document has been produced in native format.

Records not provided in native format should be as single-page, Group IV, 300 DPI, 1-bit, black-and-white TIFF images.  If color is requested or necessary to understand the meaning of a document[1], the document should be produced as a single-page, 300 DPI, minimum quality level of 75, 24-bit color JPG images.  An Images folder on the production deliverable should contain a separate TIFF or JPG file named with the corresponding Bates number. Images should show all information visible using native software.  For example, images of email messages should include the BCC and Attachments lines.

2.  **LOAD FILES:**

| Load File | Format |
| --- | --- |
| Image Load File | Opticon .opt |
| Database Load File | Delimited .dat with field header information on the first line of the file.  Concordance default delimiters should be used. |

3.  **METADATA FIELDS:**

| Field Name | Description |
| --- | --- |
| **BegBates** | First Bates number |
| **EndBates** | Last Bates number |
| **BegBatesAttach** | First Bates number of the first document of a family |
| **EndBatesAttach** | Last Bates number of the last document of a family |
| **Custodian**[2] | Custodian of a file when collected |
| **PgCount** | Number of pages of a document |
| **ProdVolume** | Name of an export volume |
| **RecordType** | Indicates type of ESI ("E-Mail", "E-Mail Attachment", "E-Doc", etc.) or "Hard Copy" for paper documents |
| **Filesize** | Size in bytes of the native file |
| **MD5HashValue** | MD5 hash value assigned to a document |

---

[1] If a producing Party may rely on a color version of a document it produces, the color version will be provided.  In addition, a receiving Party may request a color replacement of an image when the loss of color detracts from the usability or limits the ability to interpret information.

[2] **All Custodians**, a field that identifies all custodians of a document, shall be provided when the producing party incorporates deduplication in their production workflow.

| Field Name | Description |
|---|---|
| **ExtractedText** | Relative file path to the produced extracted text or OCR file of the document. A Text folder on the production deliverable should contain a separate text file for each document named with the corresponding BegBates. If a party OCRs documents for its own benefit, that OCR will be provided here. OCR text files shall be provided for documents with redactions. |
| **Confidential** | Populated for all documents with a confidentiality designation pursuant to any applicable Protective Order in addition to stamping of production images |
| **Redacted** | "Has Redactions" or "Yes" populated for all redacted documents |
| **FileName** | Original file name of a document |
| **NativePath** | Relative file path to the produced native file. A Natives folder on the production deliverable should contain a separate native file for each document named with the corresponding BegBates. |
| **Title** | Extracted title of a non-email document |
| **Author** | Extracted author of a non-email document |
| **TimeZone** | Time zone used for processing the data |
| **Date/Time Created** | Date and time the document was created |
| **Date/Time Last Modified** | Date and time the document was last modified |
| **LastSavedBy** | Last saved or modified by property of a document, representing the last user to save the document |
| **From** | Name (when available) and email address of the sender of an email message |
| **To** | Name (when available) and email address(es) of the recipient(s) of an email message |
| **CC** | The name(s) (when available) and email address(es) of the recipient(s) of the CC or Carbon Copy of an email message |
| **BCC** | The name(s) (when available) and email address(es) of the recipient(s) of the BCC or Blind Carbon Copy of an email message |
| **EmailSubject** | Subject of an email message |
| **Date/TimeReceived** | Date and time an email message was received |
| **Date/Time Sent** | Date and time an email message was sent |
| **EmailFolder** | Folder in which an email was stored within a custodian's mailbox |
| **AttachmentList** | File names for all attachments to an email message or child items in a family group |
| **AttachCount** | Number of files attached to an email message or parent document |